## CAMPTON *v.* HOLDERNESS.

In proceedings under section 6, chapter 37 of the Revised Statutes, providing for the renewing and establishing of town lines, by a committee appointed by the court, as a general rule, the costs attending the proceedings will be equally divided between the towns. But should it be made to appear that the objections to a perambulation, by the selectmen of one of the towns, were frivolous and unfounded, the court would order such town to pay all the costs.

The fact that the committee establishes the line as claimed by one of the towns, and the further fact that the chairman states that the correctness of the line *does not admit of reasonable doubt*, are *not* conclusive that the opposing town acted in bad faith, so as to be ordered to pay all the costs.

MOTION for a judgment for costs. At the November term, 1850, of the common pleas, a committee was appoint-

ed to examine the disputed lines between the towns of Campton and Holderness, who heard the parties and made a report at the November term, 1851. This report was recommitted, for the reason that the description of the line in the report did not show that the committee had established the entire length of line, falling short of it about six or eight rods. The parties were again heard, and the report as amended was returned to the common pleas, at the May term, 1852.

The committee established the line precisely as it had been claimed by the town of Campton. The chairman of the committee stated that this line had been perambulated for many years, and that its correctness did not admit of reasonable doubt; that upon the first hearing, the original northwest corner of Holderness was found as claimed by Campton, and that this corner being established, the correctness of the line claimed by Campton could not well be disputed.

The whole costs of the first examination and hearing amounted to $223,01, of which sum $196,28 were paid by Campton, and $26,73 by Holderness. The costs of the second hearing amounted to $40,03, thirty-seven dollars of which were paid by Campton, and $3,03 by Holderness.

Campton moved for a judgment for costs, and the questions arising upon the motion were assigned to the determination of this court.

*Leverett,* for Campton.

*Bellows,* for Holderness.

EASTMAN, J. This is a proceeding under section 6, chapter 37 of the Revised Statutes. Section second of that chapter provides that the lines between the towns in this State shall be perambulated, and the marks and bounds renewed, once in every seven years forever, by the selectmen

of such towns, or by such person as they shall in writing appoint for that purpose.

Section six provides that when the selectmen of adjoining towns shall disagree in renewing and establishing the lines and bounds of such towns, the court of common pleas for the county in which the town first incorporated, or paying the highest tax as aforesaid, is situate, upon petition, and after notice to the other town interested, shall, by themselves or a committee for that purpose, examine said disputed lines, and their decision thereon shall be final, and the court may order either or both towns to pay the costs, as they may think just.

It is quite clear that the question of costs in such cases is left entirely to the discretion of the court. Whenever the report of the committee appointed to renew and establish the disputed line is returned, the court are to judge from the report and such evidence as may be laid before them, what, under all the circumstances, would be just and right.

In case of a perambulation by the selectmen of the adjoining towns, as provided in the second section, it is manifest that the expenses will, as a general thing, fall equally upon the towns, since the selectmen alone will usually transact the business without calling in witnesses or others to aid them. And ordinarily, such, we think, would be the decision of the court, in proceedings like the present, under the sixth section. The examination by the committee, and the establishment of the lines by them, are for the benefit of both the towns, and it is not to be presumed that cases would often occur rendering an application to the common pleas necessary, unless upon a question of serious doubt as to the true line.

If it should be made to appear that the objections to a perambulation by the selectmen of one of the towns were frivolous and unfounded, the court would order such town to pay all the costs. But such would not be the order unless

for some such good and sufficient reason. As a general rule, the costs should be divided between the towns.

In this case, the committee established the line precisely as it had been claimed by the town of Campton, and the chairman states that the correctness of the line does not admit of a reasonable doubt. But notwithstanding this statement and the result to which the committee arrived, it does not follow as a necessary consequence that the town of Holderness did not in good faith believe that they were in the right. If we are to judge from the amount of costs incurred, the examination must have been one of considerable difficulty, although the result might finally be quite clear. In most cases, the decision of a committee would be in favor of one of the two lines claimed by the towns. They would seldom establish a line between the two; and the fact that the committee, after a full examination, should come to the conclusion that the one or the other town was beyond reasonable doubt correct in its position, would not establish the other fact, that the unsuccessful town had acted in bad faith, or upon frivolous and unwarrantable objections.

As the question between these towns was not settled by the common pleas, where it could probably, in view of all facts, have been as correctly decided, but has been sent here, taking the facts as presented, our conclusion is that there is nothing which should take the case out of the ordinary practice of dividing the costs between the towns.

In accordance with these views, judgment should be entered for Campton for one half of all the costs, deducting therefrom what has been paid by Holderness.